## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### COURT FILE NO.:

Danette Farrell,
      Plaintiff

v.

Benjamin Chaise & Associates,
      Defendant

_____

### COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1.      Plaintiff Danette Farrell ("Plaintiff") brings this action against Defendant Benjamin Chaise & Associates ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendants that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries

1

that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002).

7.      The FDCPA is a "remedial statute," and so "should be construed liberally in favor of the consumer." *Riddle*, 305 F.3d at 1117.

8.      "A single violation of the FDCPA is sufficient to state a claim." *Soren v. Equable Ascent Fin., LLC*, No. 2:12-CV-00038, 2012 WL 2317362, at *2 (D. Utah June 18, 2012) (citing *Taylor v. Perrin*, 103 F.3d 1232, 1238 (5th Cir.1997)). "Plaintiffs who

prove a violation of the FDCPA are entitled to statutory damages irrespective of the ability to prove actual damages." *Id.*

9.      Whether a collection letter violates the FDCPA is assessed under the least sophisticated consumer standard.  "[T]he courts consider 'how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014) (quoting *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997); *see also Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

## PARTIES

10.      Plaintiff is a natural person who at all relevant times resided in the State of Colorado, County of Weld, and City of Dacono.

11.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.      Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14.      Plaintiff is a natural person allegedly obligated to pay a debt.

15.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services incurred by Plaintiff's mother (the "Debt").

16.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18.     In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated April 27, 2018.

19.     A true and correct copy of Defendant's April 27, 2018 letter is attached as Exhibit A.

20.     The April 27, 2018 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

21.     The April 27, 2018 letter purports to disclose the notices required in an initial communication by 15 U.S.C § 1692g(a).

22.     The April 27, 2018 letter identifies the balance of the Debt as $15,301.04. Exhibit A.

23.     The April 27, 2018 letter does not indicate that the balance of the Debt is subject to increase due to accrued interest, fees, or other charges.

24.     In addition, the April 27, 2018 letter does not meaningfully convey the identity of the creditor to whom the Debt is owed.

25. The April 27, 2018 letter lists Richard Asmussen as the creditor of the Debt. *See* Exhibit A ("Creditor: Richard Asmussen").

26. However, the April 27, 2018 letter then states, in relevant part: "The above named creditor has assigned your debt to this office for collections. This office is now the creditor of record based on the irrevocable assignment executed by the original creditor." *Id.*

27. Upon reading the April 27, 2018 letter, Plaintiff, or the least sophisticated consumer would be confused about the identity of the creditor to whom the Debt is owed.

28. Furthermore, the April 27, 2018 letter states, in relevant part: "If, within 30 days of your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will mail you a copy of such verification or judgment." Exhibit A.

29. Defendant's April 27, 2018 letter omits the debt collector's first step of the dispute and verification process: namely, to "*obtain verification* of the debt or a copy of a judgment against the consumer." *Compare* 15 U.S.C. § 1692g(a)(4) (emphasis added), *with* Exhibit A.

30. Upon receiving the April 27, 2018 letter, Plaintiff, or the least sophisticated consumer, might wonder what good it might be to dispute the Debt if Defendant has already verified it.

31. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated May 16, 2018.

32. A true and correct copy of the May 16, 2018 letter is attached as Exhibit B.

33.     The May 16, 2018 letter identifies the balance of the Debt as $15,347.03. Exhibit B.

34.     Defendant's April 27, 2018 letter is misleading to the consumer who could readily conclude that the balance of the Debt stated as due was due at any time, when in fact it was not, and was subject to adjustment on a periodic basis.

35.     Whether the Debt was subject to the accrual of interest or other charges is information material to the consumer in that it impacts their ability to intelligently choose their response to collection activity.

36.     Defendant's omission of material information in its April 27, 2018 initial communication would deceive or mislead the least sophisticated consumer as to the character and amount of the Debt.

37.     Thus, Defendant's April 27, 2018 letter failed to clearly and effectively state the amount of the Debt as required by 15 U.S.C § 1692g(a)(1).

38.     The May 16, 2018 letter then states that the Debt is "seriously delinquent" and threatens that "if we do not hear from you or payment is not received, *other actions will have to be taken*." *Id.* (emphasis added).

39.     The May 16, 2018 letter concludes by stating: "Your immediate attention is required." *Id*.

40.     Defendant's threat of additional action and demand for payment overshadowed Plaintiff's right to dispute and request verification of the Debt within the 30-day time period.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

41.    Plaintiff repeats and re-alleges each factual allegation contained above.

42.    A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

43.    Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

44.    This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

45.    "It is not enough that the dunning letter state the amount of the debt that is due.  It must state it clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004).

46.     Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its initial communication or within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

47.      Plaintiff repeats and re-alleges each factual allegation contained above.

48.     "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM (WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016); *see also Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

49. "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

50. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the Debt is owed in its initial communication or in writing within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)

51.     Plaintiff repeats and re-alleges each factual allegation contained above.

52.     15 U.S.C. § 1692g(a)(4) requires a two-step process in response to a consumer's written dispute within the 30 day dispute period: (1) "The debt collector will obtain verification of the debt or a copy of a judgment against the consumer", and then (2) "a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4).

53.     Courts discussing this verification requirement have similarly phrased it as two separate clauses requiring two actions of contacting the creditor and then conveying that information to the consumer: "At a minimum, the debt collector must contact the creditor and verify the nature, status, and balance of the debt *and then* convey that information to the consumer. *Erickson v. Johnson*, No. CIV.05-427 (MJD/SRN), 2006 WL 453201, at *6 (D. Minn. Feb. 22, 2006) (emphasis added) (citing *Mahon v. Credit Bureau of Placer County Inc.,* 171 F.3d 1197, 1203 (9th Cir. 1999)).

54.     Omission of the verb "obtain" significantly changes the meaning of the disclosures, as without that term the disclosures no longer convey that the dispute will obligate the debt collector to first take additional action and *obtain* verification or a copy of a judgment prior to mailing the same to the consumer.

55.     Upon receipt of Defendant's April 27, 2018 letter, the least sophisticated consumer could be misled that Defendant already possessed the information for verifying the Debt.

56.     In that instance, Defendant would merely need to mail documents already in its possession rather than contact the creditor and seek to obtain verification.

57.     The language of Defendant's letter may cause the least sophisticated consumer to question the value of disputing if the debt collector has already received the documents and does not need to further investigate the dispute, but instead can "verify" the debt simply by mailing information it already has.

58.     Thus, the language of Defendant's letter serves to discourage consumers from exercising their dispute rights.

59.     Courts have held that similar omissions in the statutory language of § 1692g violate the FDCPA.

60.     For example, "a debt collector's failure to include the 'in writing' requirement violates subsections (a)(4) and (5) of Section 1692g." *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 844–45 (E.D. Va. 2011) (collecting cases); *see also Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) ("The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute."); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742 (N.D. Ill. 2003) ("[O]mitting the words 'in writing' was a violation of § 1692g(a)."); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 217 F.Supp.2d 336, 340 (E.D.N.Y. 2002) (same).

61.     Another consideration when reading a statute is that "we must not 'look merely to a particular clause,' but consider 'in connection with it the whole statute.'" *Dada*

11

*v. Mukasey*, 554 U.S. 1, 16, 128 S. Ct. 2307, 2317, 171 L. Ed. 2d 178 (2008) (quoting

*Kokoszka v. Belford*, 417 U.S. 642, 650, 94 S. Ct. 2431, 41 L. Ed. 2d 374 (1974)); *see also*

*United States v. Heirs of Boisdore,* 8 How. 113, 122, 12 L. Ed. 1009 (1850) ("[W]e must

not be guided by a single sentence or member of a sentence, but look to the provisions of

the whole law, and to its object and policy.").

62.     Congress enacted the FDCPA because it found "abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors,"

which Congress found contributed "to the number of personal bankruptcies, to marital

instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

63.     Abusive debt collection practices exist and, in 2014, the Consumer Financial

Protection Bureau reported that "over one-third of the complaints that the Bureau received

involved debt collectors' attempts to collect debts that consumers claimed they did not

owe." Consumer Financial Protection Bureau, Fair Debt Collection Practices Act—CFPB

Annual Report 2014 12, 13 (2014).

64.     Requiring that a debt collector not merely rely on the information that they

currently have, but that they must go *obtain* verification or a judgment on the consumer's

debt is one of the ways that the FDCPA helps prevent abusive, deceptive, and unfair debt

collection practices.

65.     Therefore, Defendant's April 27, 2018 letter failed to accurately convey the

disclosures required by 15 U.S.C. § 1692g(a)(4).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692g(b)

66.    Plaintiff repeats and re-alleges each factual allegation contained above.

67.    To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

68.    "[T]he notice must not be overshadowed or contradicted by accompanying messages from the debt collector."  *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

69.    "Cases in which courts have found violation of section 1692g address collection letters that demanded payment within a time period that was less than the statutory thirty day period to dispute the debt, that emphasized the duty to make the

13

payment, and that obscured the fact that the debtor had thirty days to dispute the debt." *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1387 (S.D. Fla. 2014) (quotations omitted).

70.     If a debt collection letter "lacks any explanation of how the threats pressuring the consumer for immediate payment are consistent with the validation notice, the threats overshadow and contradict the notice, which therefore has not been effectively conveyed." *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 819-20 (M.D.N.C. 2011).

71.     Here, Defendant's May 16, 2018 letter was sent within the 30-day dispute period, demanded immediate payment, and threatened that "if we do not hear from you or payment is not received, other actions will have to be taken."

72.     While a debt collector may legally initiate legal action before the expiration of the 30-day period, a debt collection notice violates § 1692g where such threats would cause an unsophisticated consumer to overlook or ignore his or her rights.

73.     To assist debt collectors who wish to threaten legal action in collection notices, the Seventh Circuit has drafted "safe harbor" language—adopted by courts around the nation—that explains the apparent contradiction between the consumer's right to dispute within 30 days and the debt collector's right to bring legal action before the expiration of that period, which reads, in relevant part, as follows:

> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

*Bartlett v. Heibl*, 128 F.3d 497, 502 (7th Cir. 1997).

74.     Where a collection letter makes no effort to explain that the consumer may take advantage of his or her rights under § 1692g, notwithstanding the threat to file a lawsuit within the 30-day dispute period, the debt collector runs the risk of violating § 1692g(b).

75.     "*Bartlett* makes clear that although a debt collector has the right to sue a consumer during the statutory thirty-day period, it must tread carefully when leveraging this right in the initial collection letter to extract payment so as not to overshadow or contradict the consumer's validation rights." *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 820–21 (M.D.N.C. 2011).

76.     However, Defendant's May 16, 2018 letter failed to explain to Plaintiff that she may still take advantage of her rights under § 1692g(a).

77.     Therefore, Defendant violated 15 U.S.C. § 1692g(b) when it sent Plaintiff its May 16, 2018 letter that overshadowed the disclosures required pursuant to 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)     Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b)     Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)     Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)     Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

15

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

78.    Plaintiff repeats and re-alleges each factual allegation contained above.

79.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

80.    "[W]e hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

81.    "If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the [FDCPA] by stating the 'balance' due." *Brill v. Fin. Recovery Servs., Inc.*, No. 4:10-CV-3121, 2010 WL 5825480, at *5 (D. Neb. Nov. 10, 2010) (quoting *Chuway*, 362 F1692.3d at 949).

82.    However, if "the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use" language which explains "that the

amount owed may vary if not paid immediately because of interest, late charges, or other charges that may apply as time passes . . . ." *Id.* at *5-6 (quoting *Chuway*, 362 F.3d at 949).

83.     "[T]he least sophisticated consumer, who is both gullible and naïve, might have believed that he could pay the debt in full by remitting the 'Total Due[s]' in the Letters at any time after he received that letter. Such a belief would be incorrect because the total amount of the debt was subject to periodic adjustment by Defendant due to the accrual of interest."  *Gill v. Credit Bureau of Carbon Cty.*, No. 14-CV-01888-KMT, 2015 WL 2128465, at *6 (D. Colo. May 5, 2015) (citations omitted).

84.     Thus, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(10)

85.     Plaintiff repeats and re-alleges each factual allegation contained above.

86.     Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

87.     "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006) (internal quotation omitted)).

88.     Here, it is reasonable for Plaintiff, or the least sophisticated consumer, to interpret that the balance of the Debt stated in Defendant's April 27, 2018 letter would remain static, which is false.

89.     Further, Defendant's April 27, 2018 letter is f false, deceptive, or misleading with respect to the identity of the creditor to whom the Debt is owed.

90.     Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

91.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 26, 2019

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@ThompsonConsumerLaw.com

s/ Amorette Rinkleib
Amorette Rinkleib
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-899-9189
866-317-2674 facsimile
arinkleib@ThompsonConsumerLaw.com

Attorneys for Plaintiff